# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARNAIL SINGH, et al., | Case No. 1:18-cv-01426-LJO-SAB |
| Plaintiffs, | ORDER GRANTING MOTION FOR A PROTECTIVE ORDER |
| v. | (ECF No. 14) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On July 5, 2018, the parties filed a joint motion for a protective order in this action. (ECF No. 14.) Based on the parties' agreement that the protective order should be entered, the Court HEREBY GRANTS, the joint motion for a protective order as follows:

1. The parties may designate information produced or obtained in discovery as "Confidential Information," or "Attorney's Eyes Only" as follows:

a. Confidential Information: Any production of information produced by any party, or any third party (such as a State Agency) to this litigation, shall have the right to be designated as "Confidential Information" if any portion of that document, testimony, discovery response, or thing ("Material"): (a) contains trade secrets, competitively sensitive financial, sales or other confidential business information; (b) contains private or confidential personal information; (c) contains information received in confidence from third-parties; or (d) which the producing party otherwise believes in good faith should be entitled to protection under state or federal law. Any

party to this litigation or third party covered by this Protective Order who produces or discloses any Confidential Information (including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony) shall mark the Material with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO ORDER OF PROTECTION."

      b.     Attorney's Eyes Only: Any party to this litigation and any third-party may designate Materials as "Attorney's Eyes Only" and subject to this Order, if such Material contains highly sensitive business, personal, procedural or investigatory information, the disclosure of which is highly likely to cause significant harm to an individual, business, the Department's ability to enforce its regulations, or the Plaintiffs' ability to conduct business.

"Attorney's Eyes Only" information shall be disclosed to the parties' respective Counsel of Record (which shall include the Plaintiffs' "Trial Counsel" Andrew Z. Tapp, the Defendant's Assistant United States Attorney Trial Counsel, and the Defendant's Agency Counsel), but shall not be disclosed to any other person, entity or agency, including the parties hereto (excluding Court personnel and the attorneys' necessary administrative staffs), without prior written consent from the producing party, or leave of Court sought prior to such disclosure.

The parties shall take all reasonable precautions to protect Attorney's Eyes Only information from unintentional disclosure to persons, entities or agencies not identified herein. Any party to this litigation or third-party covered by the protective order who produces or discloses any Attorney's Eyes Only Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or similar legend: "ATTORNEY'S EYES ONLY" or "ATTORNEY'S EYES ONLY SUBJECT TO PROTECTIVE ORDER."

      2.     If material obtained through discovery did not originate from the party seeking to affix the "Confidential Information" or "Attorney's Eyes Only" label, or was not produced in this action by that party, the "Confidential Information" or "Attorney's Eyes Only" designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing the information to be

1. protected. Subject to the procedures set forth herein, and upon written notice, the document will be treated as "Confidential Information" or "Attorney's Eyes Only Information" within the meaning of this Protective Order.

3. The parties agree to the pre-categorization of protected information for production as set out below. These categorizations and the identification of potential production shall not be read to waive any objections to production the parties may otherwise have. Pre-categorized information includes:

   a. SNAP Household Information: All information received from the State of California pertaining to SNAP households identified in the Charge Letter, including but not limited to the household's demographic information, household size, names of authorized users in the household, transaction history, and any other information which may be relevant will be treated as "Confidential Information."

   b. FNS's & ALERT Operational Information: With respect to information the United States may produce to Plaintiffs' counsel related to SNAP or the Defendant's policies and procedures, including but not limited to policy memorandums, pertinent portions of the Standard Operating Procedures, and other program details, guidelines, thresholds or information shall be deemed to be produced under cover of "Attorney's Eyes Only." The Defendant shall, however, identify any portions of such production which does not include "Attorney's Eyes Only" information.

   c. Comparison Store Information: Information for comparison stores, including sales data, inventory records, operational details and other identifying information shall be deemed "Confidential Information."

   d. Plaintiff's Business, Financial, and Tax Records: The Plaintiffs' sales data, inventory records, business operations, know-how, vendor and supplier lists, profit margins, financial and tax records shall be deemed "Confidential Information."

4. Depositions and Transcripts: Whenever a deposition involves the disclosure of Confidential Information or Attorney's Eyes Only Information, the deposition or portions thereof shall be designated as confidential by counsel and shall be subject to the provisions of this

1 Protective Order. This designation shall be made on the record during the deposition whenever
2 possible, but a party may designate portions of depositions as containing Confidential
3 Information or Attorney's Eyes Only Information after transcription, provided written notice of
4 the designation is promptly given to all counsel of record within thirty (30) days after notice by
5 the court reporter of the completion of the transcript.

6      5.     Objections: A party may object to the designation of Confidential Information or Attorney's Eyes Only Information by giving written notice to the party designating the disputed information as protected information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the party objecting to the designation as Confidential Information or Attorney's Eyes Only Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Such motion must be filed within thirty (30) days after submitting written objection to the protective designation. If such a motion is timely filed, the disputed information shall be treated as designated under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the designated information to be treated as Confidential Information.

     6.     Plaintiffs and their attorneys shall not disclose any Household Information that they may obtain in discovery or through other means to any person unless the disclosure is reasonably and in good faith calculated to aid in the claims or defenses of this court action. Plaintiffs and their attorneys shall ensure that any person (except court personnel) to whom disclosure may be made pursuant to this Order shall, prior to such disclosure, have read, understood, and acknowledged in writing an agreement to be bound by this Order.

     7.     The Administrative Record, any Household Information disclosed to Plaintiffs, and Plaintiffs financial, accounting, and tax records shall be used only to pursue or defend any claims in this court action. This Protective Order prohibits disclosure of the Administrative Record, Household Information, Plaintiffs' financial, accounting, and tax records, and other

"Confidential Information" and "Attorney's Eyes Only" information outside of this litigation.

8. Neither "Confidential Information" nor "Attorney's Eyes Information" may be filed with the court unless (1) the parties' agree on appropriate redactions prior to filing, or (2) the pleading is filed with an application to file under seal.

9. Not later than forty-five (45) days after final determination of this litigation, including any appeals, Plaintiffs and their attorneys shall return all copies (excepting exhibits entered into evidence and documents filed with the Court) of the Administrative Record and Household Information in Plaintiffs' and Plaintiff's attorneys' possession to the United States (for the Administrative Record) and the State of California (for Household Information).

10. Nothing in this Protective Order constitutes any decision by the Court concerning discovery disputes, or the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction of documents, nor does this Protective Order constitute a waiver by any party of any right to object to discovery or admission into evidence of any document or record subject to this Order on other grounds.

11. A party or non-party subject to the protective order may only designate documents or other information in this action as confidential if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

12. Absent an ex parte motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

13. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

14. Without a separate court order, the Protective Order does not change, amend, or circumvent any court rule or local rule.

15. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the

1 document, if different from opposing counsel. If the application to file under seal a document
2 designated as confidential is being made by the non-designating party, then, upon request, the
3 designating party must promptly provide the applicant with a legal basis for the confidential
4 designation to include within the application. If opposing counsel, or the person or entity that has
5 custody and control of the document, wishes to oppose the application, he/she must contact the
6 chambers of the judge who will rule on the application, to notify the judge's staff that an
7 opposition to the application will be filed.

8     16.    The parties are advised that pursuant to the Local Rules of the United States
9 District Court, Eastern District of California, any documents which are to be filed under seal will
10 require a written request which complies with Local Rule 141.

11     17.    The party making a request to file documents under seal shall be required to show
12 good cause for documents attached to a nondispositive motion or compelling reasons for
13 documents attached to a dispositive motion. <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665,
14 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: **July 11, 2018**

UNITED STATES MAGISTRATE JUDGE